UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-03713-TWP-MJD |
| ) | |
| INDIANA UNIVERSITY - BLOOMINGTON, ) | |
| ) | |
| Defendant. ) | |

## SCHEDULING ORDER
### HON. MAGISTRATE JUDGE MARK J. DINSMORE

This matter is before the Court on Plaintiff's Verified Motion for Preliminary Injunction. [Dkt. 4.] The Court establishes the following schedule to prepare this matter for a hearing on that motion:

1. Discovery shall commence immediately.

2. The parties shall serve requests for production, along with any interrogatories or requests for admissions, focused upon the issues to be addressed during the preliminary injunction hearing, by no later than **December 7, 2018**. The parties shall serve any objections to such requests on or before **December 10, 2018** and (subject to such objections until resolved) shall fully respond to such discovery requests on or before **December 14, 2018**, to include the production of any documents requested and the logging of any privileged or other documents withheld.

3. All discovery requests and responses pursuant to this order shall be served by either hand delivery or by electronic means with telephonic confirmation of receipt on or before the date due.

4. On or before **December 7, 2018**, the parties shall file a list of the witnesses whose testimony that party would intend to offer at the preliminary injunction hearing; the parties shall supplement such lists on or before **December 17, 2018**.

5. On or before **December 7, 2018**, each party shall file a list of the exhibits intended to be offered at the preliminary injunction hearing, and shall provide copies of all exhibits listed to opposing counsel by that date. On or before **December 17, 2018**, each party shall file an updated list of the exhibits intended to be offered at the preliminary injunction hearing, and shall provide copies of all exhibits listed to opposing counsel by that date.

6. Except as set forth in paragraph 7 below, each party may conduct no more than three depositions in preparation for the hearing on the motion for preliminary injunction. Each such deposition shall last no more than three hours. All such depositions shall be completed on or before **December 28, 2018**. The parties shall work together to ensure the scheduling of the depositions in compliance with this order.

7. On or before **December 18, 2018**, the parties shall exchange fully executed copies of any affidavits the parties expect to submit as part of their evidentiary submission in this matter. Notwithstanding the limitation set forth in paragraph 6 above, each party may depose any individual whose affidavit is disclosed pursuant to this paragraph. Each such deposition shall last no more than two hours (unless the deponent is one of the three designated pursuant to paragraph 6, in which event the deposition may last no more than three hours). All such depositions shall be

completed on or before **December 28, 2018**. The parties shall work together to ensure the scheduling of the depositions in compliance with this order.

8. The Court does not anticipate any live testimony at the hearing. Rather, on or before **January 3, 2019**, the parties shall file their evidentiary submission comprised of affidavits, deposition transcripts, and documentary exhibits. No witnesses or exhibits may be offered that were not disclosed in the December 17, 2018 supplemental exhibit and witness lists.

9. On or before **January 4, 2019**, the parties shall file pre-hearing briefs articulating the parties' arguments with specific citations to the factual record on file. Each side's brief is limited to no more than twenty pages.

10. Unless otherwise agreed by the parties or ordered by the Court, all electronically stored information will be produced in its native format.

11. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

12. If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference with the Magistrate Judge

prior to filing any disputed motion to compel or for a protective order. This paragraph does not apply to any nonparty discovery served.

Further instructions regarding the preliminary injunction hearing will be provided by separate order.

SO ORDERED.

Dated:  5 DEC 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.