**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-3713-TWP-DLP |
| | ) | |
| INDIANA UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## JOHN DOE'S PRELIMINARY WITNESS AND EXHIBIT LISTS

Plaintiff, John Doe ("John"), by counsel, submits his preliminary witness and exhibit lists.

John reserves the right to supplement these lists directly or through information otherwise provided

in discovery in accordance with the Court's Amended Scheduling Order, Dkt. 31. John also

reserves the right not to offer some or all of these witnesses or exhibits at the preliminary injunction

hearing as he deems appropriate.

### PRELIMINARY WITNESS LIST

1. John Doe;

2. Libby Spotts, Associate Dean and Director of Student Conduct, Deputy Title IX Coordinator, Indiana University;

3. Simone Cardosa, Investigator, Indiana University;

4. Sofia McDowell, Investigator, Indiana University;

5. Sarah Walton Kinney, Investigator, Indiana University;

6. Jackie Stelmaszczyk, Assistant Director of the Office of Student Conduct, Indiana University;

7. Laura Mals, Associate Director of the Office of Student Conduct, Indiana University;

8. Sally Thomas, Confidential Victim Advocate, Indiana University;

9. Latosha Williams, Hearing Panel Member, Indiana University;

10. Marjorie Treff, Hearing Panel Member, Indiana University;

11. Barry Magee, Hearing Panel Member, Indiana University;

12. C. Kurt Zorn, Associate Vice Provost for Undergraduate Education, Indiana University;

13. Indiana University employees identified in John's Requests for Production Nos. 13 and 14;

14. Any witness identified in the Final Investigation Report of John Doe, Dkt. 1-5, the identities of whom are presently unknown to John;

15. Individuals who Jane and/or John identified as potential witnesses for the Photo Investigations (as defined in the Complaint), the investigation in which John was the Respondent, and/or John Doe's Hearing;

16. Any Indiana University students, family members, friends, and/or acquaintances of John with whom John discussed the events of September 4, 2017;

17. All other people identified through discovery as having knowledge of the events relevant to John's Complaint;

18. All witnesses listed on any witness list submitted by any other party in this action;

19. Custodians of records as required to establish evidentiary foundations; and

20. All witnesses deposed in this action.

Discovery is ongoing and, therefore, John reserves his right to supplement this Preliminary Witness List with any other witness who may come to its attention subsequent to the filing of this Preliminary Witness List and prior to December 17, 2018, in accordance with the Court's Amended Scheduling Order, Dkt. 31.

## PRELIMINARY EXHIBIT LIST

1. All Exhibits attached to John Doe's Complaint (Dkt. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11, 1-12, 1-13, 1-14, 1-15);

2. Facebook photos posted by Jane Doe purporting to have been taken the day of September 4, 2017;

3. All documents and communications that relate or refer to the investigation of the events of September 4, 2017, between or among Indiana University ("University"), the Office of Student Conduct ("OSC"), and/or the Indiana University Police Department ("IUPD");

4. The entirety of the University's investigative file of John as the Respondent;

5. Recorded statements (both written and oral) that refer or relate to the events of September 4, 2017;

6. Documents and communications that relate or refer to the Hearing Panel's deliberation of the allegations against John;

7. Documents relating to other sexual assault, harassment, or related misconduct allegations reported to the University that are produced in discovery;

8. Documents and communications, between and among the University, OSC, and/or IUPD, that relate or refer to the 2018 Welcome Week March (as defined in John's Requests for Production);

9. Other documents yet to be identified that refer or relate to the 2018 Welcome Week March;

10. The current and any prior version(s) of the University's Sexual Misconduct Policy, dating back to January 1, 2017;

11. The resume and/or curriculum vitae of every individual who has investigated and/or served on a hearing panel for a University sexual assault, harassment, and/or misconduct case since January 1, 2017;

12. University training materials and/or presentations given to anyone who has investigated and/or served on a hearing panel for a University sexual assault, harassment, and/or misconduct case since January 1, 2017;

13. Documents and/or communications that relate or refer to the Photo Investigations; including the entire investigative file for each Investigation, the hearings and/or panel decisions in the Photo Investigations, and/or the appeals of the panels' decisions in both Photo Investigations.

14. Communications between or among the University, the OSC, and/or IUPD and Jane that relate or refer to the Incident, including either Photo Investigation and/or the investigation of John as the Respondent.

15. Documents and things that Jane provided to the OSC, IUPD, and/or the University that relate or refer to either Photo Investigation and/or the investigation in which John was a Respondent;

16. Documents and/or communications between the OSC and/or IUPD and the University employees identified in John's Requests for Production Nos. 13 and 14;

17. Documents that the University referenced or relied upon in answering John's Interrogatories;

18. Documents, statements, and/or recordings that the Hearing Panel received or reviewed in connection with John's Hearing;

19. Any and all affidavits produced in accordance with the Court's Amended Case Management Order, Dkt. 31;

20. All pleadings and discovery responses, including any attachments thereto;

21. Any and all documents referred to in any deposition taken in this action;

22. Any and all deposition transcripts and deposition exhibits in this action;

23. Any documents or things identified in any other party's witness and exhibit lists and discovery responses, or in any amendments thereto;

24. Any and all exhibits necessary for impeachment and/or rebuttal;

25. Any and all affidavits authenticating documents;

26. Any exhibit that may be used for demonstrative purposes.

Discovery is ongoing and, therefore, John reserves the right to supplement his Preliminary Exhibit List with any information which may come to his attention subsequent to the filing of this Preliminary Exhibit List and prior to December 17, 2018, in accordance with the Court's Amended Scheduling Order, Dkt. 31.

Respectfully submitted,

/s/ *Margaret M. Christensen*
Margaret M. Christensen, 27061-49
Jessica Laurin Meek, 34677-53
BINGHAM GREENEBAUM DOLL LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204
mchristensen@bgdlegal.com
jmeek@bgdlegal.com

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on December 7, 2018, the foregoing was filed electronically via the Court's electronic filing system. I further certify that the foregoing was served by email upon the following counsel of record:

Michael C. Terrell
Melissa A. Macchia
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
T: (317) 713-3500
F: (317) 713-3699

/s/ *Margaret M. Christensen*
*An Attorney for John Doe*