UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-03713-TWP-MJD |
| ) | |
| INDIANA UNIVERSITY - BLOOMINGTON, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO PROCEED ANONYMOUSLY**

This matter is before the Court on Plaintiff's Motion to Proceed Anonymously [Dkt. 2], requesting that the Court allow him to pursue this action under a pseudonym due to the nature of his allegations. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion.

### I.   Background

Plaintiff alleges that Defendant Indiana University discriminated against him based on his sex and wrongfully suspended him based on sexual allegations. [Dkt. 1.] As set forth in the Complaint, while Plaintiff and Jane Doe engaged in sexual activities, other University students entered the room and took a photo of Plaintiff and Jane. [Dkt. 3 at 2.] The photo began to circulate around campus, and so the University investigated by "contact[ing] Plaintiff as a victim of sexual exploitation." [*Id.*] Eight months later, Jane brought a complaint against Plaintiff for alleged sexual assault. [*Id.*] The University initiated proceedings against Plaintiff, and the Office of Student Conduct ultimately found Plaintiff responsible for sexual assault and for

1

"allowing" the photo to be taken. [*Id.*] Plaintiff was then suspended from the University for four years. [*Id.*]

To date, Defendant has not responded to the Motion to Proceed Anonymously. As the Motion is not opposed, it is subject to a summary ruling. S.D. Ind. L.R. 7-1(c)(5).

## II.     Legal Standard

There is a strong presumption in favor of open proceedings in which all parties are identified, but federal courts also have discretion to allow a plaintiff to proceed by anonymous name. *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996). The presumption that parties' identities will be public information can be rebutted, however, by showing that the harm to the plaintiff exceeds the likely harm from concealment. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

This Court has "an independent duty" to determine whether "exceptional circumstances" exist to justify a departure from the typical method of proceeding in federal court under a party's real name. *Id.* at 669–70. The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right that outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Does v. City of Indianapolis, Ind.*, No. 1:06-cv-865-RLY-WTL, 2006 WL 2289187, at *1–2 (S.D. Ind. Aug. 7, 2006). In determining whether to allow a plaintiff to proceed anonymously, the non-exhaustive factors articulated in *EW v. New York Blood Center* are helpful:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

213 F.R.D. 108, 111 (E.D.N.Y. 2003); *see also Doe v. Ind. Black Expo*, 923 F. Supp. at 140 (applying nearly identical five-factor test). Discretion when applying this test lies with the district court. *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997). The Court will address each of these factors in turn.

### III. Discussion

The first factor weighs in favor of anonymity, as Plaintiff is challenging governmental activity: Defendant is a state university that receives federal funding, which forms the basis for Plaintiff's Title IX claims. *See Doe v. Purdue Univ.*, 321 F.R.D. 339, 341–42 (N.D. Ind. 2017); *Doe v. City of Indianapolis*, 2012 WL 639537, at *1 (citing *Does v. City of Indianapolis*, 2006 WL 2289187, at *1–2 (quoting *Roe v. Wade*, 410 U.S. 113 (1973))).

The second factor also weighs in favor of Plaintiff's request, which is demonstrated by the intimate details set forth in the Complaint, including Plaintiff and Jane's sexual activity, Jane's allegations of sexual assault, and the University's findings. "Other courts have permitted plaintiffs alleging similar claims against colleges and universities to proceed anonymously." *Doe v. Purdue Univ.*, 321 F.R.D. at 342 (citing *John Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016); *Doe v. Brown Univ.*, 210 F. Supp. 3d 310 (D.R.I. 2016); *Doe v. Colgate Univ.*, No. 5:15-cv-1069, 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016); *Doe v. Washington & Lee Univ.*, No. 14-cv-52, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015); *Doe v. Univ. of Massachusetts-Amherst*, No. 14-30143, 2015 WL 4306521, at *5; *Doe v. Salisbury Univ.*, JKB-1403853, 2015 WL 3478134 (D. Md. June 2, 2015); *Doe v. Univ. of Montana*, No. CV 12-77, 2012 WL 2416481 (D. Mont. June 26, 2012); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009)).

The Court finds the third factor is not at issue in this case.

The fourth factor lends support for anonymity as well. If Plaintiff's identity is revealed, Plaintiff would suffer the very harm to his reputation that he seeks to remedy by bringing this lawsuit; in other words, if Plaintiff prevails on his claims, "the revelation of [his] identity 'would further exacerbate the emotional and reputational injuries he alleges." *Doe v. Purdue Univ.*, 321 F.R.D. at 342 (quoting *Doe v. Colgate Univ.*, 2016 WL 1448829, at *3).

Under factor five, Defendant is not prejudiced because it will have access to Plaintiff's personal information during the course of trial. Additionally, Defendant has not opposed this motion, which is further evidence that its interest is satisfied. Thus, this factor favors Plaintiff's request.

Lastly, allowing Plaintiff to remain anonymous will not interfere with the ability of the public to ascertain the status of this case. Plaintiff's anonymity will not hurt the public interest in guaranteeing open access to proceedings, as the entire record will not be sealed. Moreover, "[t]he courtroom proceedings will remain open, subject to the least intrusive means possible of protecting the identities of the parties and witnesses. The actual identities of Plaintiff and his accuser are of minimal value to the public." *Doe v. Purdue Univ.*, 321 F.R.D. at 343.

Despite the fact that the Seventh Circuit has expressed disapproval of anonymous litigants, in this case, it is appropriate for this Court to conclude that Plaintiff's need for anonymity outweighs the presumption of openness in judicial proceedings. This decision is appropriate because Plaintiff is challenging a government action, this case requires disclosure of extremely intimate details of Plaintiff's sexual activity, Plaintiff's reputation would be harmed by disclosure, and the public interest is muted by the fact that the case will still remain a matter of public record.

## IV. Conclusion

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Proceed Anonymously [Dkt. 2]. **IT IS HEREBY ORDERED**:

1. Plaintiff may proceed in this case under the anonymous name of John Doe.

2. All exhibits, memoranda, affidavits, and other papers filed with the Court in connection with this action shall be written or redacted so as to exclude Plaintiff's true identity and to refer to Plaintiff by his anonymous name.

3. Any document that contains Plaintiff's actual name or identifying information shall either have the name and identifying information redacted prior to filing, or shall be filed under seal.

4. Defendant's counsel, Defendant, Defendant's agents, Defendant's employees, Defendant's assigns, or any other recipients of the actual name, shall not further disclose the name to anyone, including without limitation to the public, to law enforcement, or the media, without leave of the Court.

5. Defendant's counsel, Defendant, Defendant's agents, Defendant's employees, Defendant's assigns, and all other recipients of the true name shall use the name for purposes of this litigation only. They shall not use the actual name or identity of the Plaintiff for any other purpose.

6. The provisions of this Order shall survive the termination of the litigation.

SO ORDERED.

Dated: 15 JAN 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Margaret M. Christensen
BINGHAM GREENEBAUM DOLL LLP (Indianapolis)
mchristensen@bgdlegal.com

K. Michael Gaerte
BINGHAM GREENEBAUM DOLL LLP (Indianapolis)
mgaerte@bgdlegal.com

Melissa A. Macchia
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
mmacchia@taftlaw.com

Jessica Laurin Meek
BINGHAM GREENEBAUM DOLL LLP
jmeek@bgdlegal.com

Michael C. Terrell
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
mterrell@taftlaw.com