UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-3713-TWP-MJD |
| | ) |
| INDIANA UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**CASE MANAGEMENT PLAN**

**I.      Parties and Representatives**

    A.    Plaintiff: John Doe (proceeding anonymously)
           Defendant: The Trustees of Indiana University

    B.    *Plaintiff's Counsel:*

           Margaret M. Christensen
           K. Michael Gaerte
           Jessica Laurin Meek
           BINGHAM GREENEBAUM DOLL LLP
           2700 Market Tower
           10 West Market Street
           Indianapolis, IN 46204-4900
           Telephone: (317) 635-8900
           Facsimile: (317) 236-9907
           mchristensen@bgdlegal.com
           mgaerte@bgdlegal.com
           jmeek@bgdlegal.com

           *Defendant's Counsel:*

           Michael C. Terrell
           Melissa A. Macchia
           TAFT STETTINIUS & HOLLISTER LLP
           One Indiana Square, Suite 3500
           Indianapolis, IN 46204
           Telephone: (317) 713-3500
           Facsimile: (317) 713-3699
           mterrell@taftlaw.com
           mmacchia@taftlaw.com

**II.     Jurisdiction and Statement of Claims**

    A.    This Court has federal question jurisdiction over the allegations in the Complaint pursuant to 28 U.S.C. § 1331 because the claims involve questions arising under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–88. The Court also has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367 because they arise out of the same case or controversy giving rise to the federal claims.

    B.    Indiana University ("IU") suspended John Doe ("Doe"), and IU student, for four years after it held him responsible for sexual assault and sexual exploitation of another IU student. Based on IU's investigation, charging decisions, hearing process, panel decision, and appeal process, Doe claims that IU violated Title IX (under erroneous outcome and deliberate indifference theories) and breached its implied contract with Doe by not following its own policies and procedures. Specifically, Doe claims that gender bias tainted the entire process and that IU's handling of Doe's case was arbitrary and capricious. Doe also brings claims for negligence, negligent infliction of emotional distress, promissory estoppel, and unjust enrichment stemming from the same underlying facts.

    C.    IU denies Doe's claims.  The evidence will show that IU conducted a fair and impartial investigation and hearing and ultimately decided that, based on the evidence presented, Doe was responsible for sexual assault, sexual exploitation, and sexual harassment.  As a result of these findings, IU suspended Doe for four years.  IU's decisions were not arbitrary and capricious and were not motived by Doe's gender.  In addition, the evidence will show that IU did not violate a single one of its policies throughout the investigation, hearing, and appeal.

**III.    Pretrial Pleadings and Disclosures**

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **February 11, 2019.**

    B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before **February 19, 2019.**

    C.    Defendant(s) shall file preliminary witness and exhibit lists on or before **February 25, 2019.**

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **March 11, 2019.**

    E.    Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **February 19, 2019**. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto **within 21 days after receipt of the proposal**. The parties shall forward copies of their settlement demands and responses when made to Magistrate Judge Dinsmore at MJDinsmore@insd.uscourts.gov.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **August 30, 2019.** Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **September 30, 2019.**

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 90 days prior to the dispositive motion deadline**. If such expert disclosures are served the parties shall confer **within 7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **January 24, 2019**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **November 8, 2019.** This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>. The parties do not anticipate a substantial volume of ESI beyond what has already been produced. To the extent that the Federal Rules of Civil Procedure, Rules 26(a)(1) or Rule 34 require the disclosure of documents which are stored electronically, the producing party shall, absent objection and/or assertion of privilege, produce such documents in either hard-copy (paper) form, or in *.pdf or *.tiff format. The producing party may elect to produce these documents on CD, DVD, or on an external hard drive with a USB connection, or via Taft's Secure Send software. The producing party shall pay all expenses of identifying, gathering, and producing the requested documents. Metadata will initially not be produced, but the requesting party reserves the right to request that metadata be provided should it/he/she deem it relevant and appropriate. If after reviewing a document in its originally-produced format, the requesting party seeks to review any or all documents in a different format, in particular its native format (the "Subsequent Request"), then the requesting party shall identify those documents, which shall be produced in their native format unless the producing party can extablish good cause for not so doing.

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, the receiving party may challenge the producing party's assertion by filing an appropriate motion with the court after first attempting to resolve the issue among the parties.  Otherwise, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter, unless otherwise provided by law.

**IV.     Discovery[1] and Dispositive Motions**

    A.    IU intends to file a motion for summary judgment on all of Doe's claims.  As an initial matter, Doe's breach of contract claim is barred by the Eleventh Amendment.  In addition, the evidence will show that IU did not breach its implied contract with Doe and did not discriminate against Doe based on his gender.  Rather, IU followed its policies throughout the investigation, hearing, and appeal, and rendered a sound decision supported by the evidence presented that Doe had violated several Student Code provisions.

    B.    On or before **August 16, 2019**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

    C.    Dispositive motions are expected and shall be filed by **September 6, 2019**; non-expert witness discovery and discovery relating to liability issues shall be completed by **August 9, 2019**; all remining discovery shall be completed by **January 10, 2020**.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

**V.     Pre-Trial/Settlement Conferences**

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in August, 2019.**

VI.   **Trial Date**

This matter will be ready for trial in or after **June, 2020**.  The trial is by **jury** and is anticipated to take **four  days**.

VII.   **Referral to Magistrate Judge**

A. **Case**.  At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII.   **Required Pre-Trial Preparation**

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual

                deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

      b.      if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

IX.    <u>Other Matters</u>

    None.


    */s/ Margaret M. Christensen*
    Margaret M. Christensen

K. Michael Gaerte
Jessica Laurin Meek
BINGHAM GREENEBAUM DOLL LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204-4900
Telephone: (317) 635-8900
Facsimile: (317) 236-9907
mchristensen@bgdlegal.com
mgaerte@bgdlegal.com
jmeek@bgdlegal.com

*Defendant's Counsel:*

*/s/ Melissa A. Macchia*
Michael C. Terrell
Melissa A. Macchia
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Telephone: (317) 713-3500
Facsimile: (317) 713-3699
mterrell@taftlaw.com
mmacchia@taftlaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON_____FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY_____MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY_____MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY_____ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR_____AT ROOM_____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT_____.M.  COUNSEL SHALL APPEAR:<br><br>_____IN PERSON IN ROOM_____; OR<br><br>_____BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (    _)_____; OR<br><br>_____BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (____)_____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **September 6, 2019**; non-expert witness discovery and discovery relating to liability issues shall be completed by **August 9, 2019**. |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**APPROVED AND SO ORDERED AS AMENDED.**

Dated: 18 JAN 2019

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.